Matter of Sutphine Convenience Corp. v City of New York
2026 NY Slip Op 03812
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Sutphine Convenience Corp., respondent,
v
City of New York, et al., appellants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2024-11228, (Index No. 717237/24)
Angela G. Iannacci, J.P.
Paul Wooten
Deborah A. Dowling
James P. McCormack, JJ.

Steven Banks, Corporation Counsel, New York, NY (Deborah A. Brenner and Hannah J. Sarokin of counsel), for appellants.
Lazzaro Law Firm, P.C., Brooklyn, NY (Lance Lazzaro of counsel), for respondent.
In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Office of the New York City Sheriff dated July 2, 2024, which directed the closure of the petitioner's premises for a period of one year pursuant to Administrative Code of the City of New York § 7-552(b)(2), the City of New York, Preston Niblack, Anthony Miranda, and Asim Rehman appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered September 12, 2024. The order and judgment, insofar as appealed from, granted that branch of the petition which was to annul the determination dated July 2, 2024, and directed the Office of the New York City Sheriff to remove the seal from and open the petitioner's premises.

[*1]
DECISION & ORDER
Motion by the City of New York, Preston Niblack, Anthony Miranda, and Asim Rehman to dismiss the appeal on the ground that it has been rendered academic and to vacate the order and judgment.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is
ORDERED that the branch of the motion which is to dismiss the appeal on the ground that it has been rendered academic is granted; and it is further,
ORDERED that the branch of the motion which is to vacate the order and judgment is denied; and it is further,
ORDERED that the appeal is dismissed as academic, without costs or disbursements.
On June 18, 2024, the Office of the New York City Sheriff (hereinafter the Sheriff's Office) issued the petitioner (1) a civil summons pursuant to Administrative Code of the City of New York § 7-551(a) and (2) an order to seal its premises pursuant to Administrative Code § 7-552(b)(2) for the alleged unlawful sale of cannabis products. The Sheriff's Office subsequently adopted the recommendation of a hearing officer of the New York City Office of Administrative Trials and Hearings that the order to seal remain in place and, on July 2, 2024, issued a determination directing the continued closure of the petitioner's premises for a period of one year from the date of issuance of the order to seal.
Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78, inter alia, to review the determination of the Sheriff's Office against the City of New York, Preston Niblack, Anthony Miranda, and Asim Rehman (hereinafter collectively the appellants). In an order and judgment entered September 12, 2024, the Supreme Court, among other things, granted that branch of the petition which was to annul the determination of the Sheriff's Office and directed the Sheriff's Office to remove the seal from and open the petitioner's premises. This appeal ensued.
"[P]ursuant to the mootness doctrine, courts are precluded from considering questions which, although once live, have become moot by passage of time or change in circumstances" (Kennedy v Suffolk County, 211 AD3d 926, 928 [internal quotation marks omitted]; see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715). "Thus, a matter is academic 'unless an adjudication of the merits will result in immediate and practical consequences to the parties'" (Hector-Ellis v Mount Sinai Hosp., 242 AD3d 965, 967, quoting Matter of Ruotolo v State of New York Div. of Hous. & Community Renewal, 211 AD3d 955, 957). Here, the determination of the Sheriff's Office challenged by the petitioner in this proceeding expired by its terms on June 18, 2025, one year from the date of issuance of the order to seal. Thus, as the appellants correctly concede, the appeal has been rendered academic, and we grant that branch of the appellants' motion which is to dismiss the appeal.
"While it is the general policy of New York courts to simply dismiss an appeal which has been rendered academic, vacatur of an order or judgment on appeal may be an appropriate exercise of discretion where necessary 'in order to prevent a judgment which is unreviewable for mootness from spawning any legal consequences or precedent'" (Matter of Goldenstein v New York City Dept. of Health & Mental Hygiene, 242 AD3d 1094, 1096, quoting Matter of Hearst Corp. v Clyne, 50 NY2d at 718). Under the circumstances presented, however, we decline to vacate the order and judgment, and we deny that branch of the appellants' motion which is to vacate the order and judgment.
IANNACCI, J.P., WOOTEN, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court